FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-BNB

LORAL HUFFMAN,

    Plaintiff,

v.

"BUREAU OF PRISONS UNNAMED AGENTS,"
DIRECTOR HARVEY LAPPIN,

    Defendants,

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Loral Huffman, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), asserting violations of his constitutional rights. He requests injunctive and monetary relief. Mr. Huffman has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On June 3, 2011, Mr. Huffman filed a Motion [for] Temporary Restraining Order (Dkt. #4). He filed a "Motion for Emergency Injunction" on July 25, 2011 (Dkt. #35). The Court will construe the motions liberally because Mr. Huffman is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the motions

will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)). The decision to grant injunctive relief is a matter of the Court's discretion. *See Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir.2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion). To obtain a preliminary injunction, the movant must show that the movant will suffer irreparable harm if the injunction is denied. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1258 (10th Cir. 2004). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

Mr. Huffman alleges in his *Bivens* Complaint that he suffers from a longstanding, documented sleepwalking disorder that causes him to engage in assaultive behavior. He asserts that he has assaulted several cell mates in the past during these episodes. Mr. Huffman further alleges that the official response to his medical condition is to transfer him to another facility rather than provide him with treatment or a single cell. In addition, Mr. Huffman states that he is a government informant and has many enemies within the prison system; however, only some of those individuals have been listed by the BOP as "separatees." Plaintiff alleges that he was placed in protective custody at USP-Terre Haute, Indiana, on "unverified enemy status" in December 2010, after four

BOP inmates attempted to murder him between March and November 2010. Compl., at 6. According to Plaintiff, he was transferred to USP-Florence in March 2011 "due to [his] single cell [requirement]" and "with no consideration for [his] safety." *Id.*

Mr. Huffman asserts in his June 2011 TRO motion that once USP-Florence officials learn about his medical history and his need for a single cell, "it is reasonable to expect Plaintiff to be transferred," and "any transfer could result in another murder attempt being made by another unlisted enemy." June 2011 Motion, at 2. Plaintiff alleges that he has been transferred sixteen times in the past sixteen months. *Id.* Mr. Huffman asks the Court to issue an order requiring the BOP to house him in a single cell and to prevent his transfer to another facility pending resolution of this action. In his Complaint, Mr. Huffman requests that he be transferred back to protective custody at USP-Terre Haute, a medium security facility, and be housed in a single cell. Compl., at 8.

Mr. Huffman has failed to allege specific facts to demonstrate that he is threatened with immediate and irreparable injury. Although Mr. Huffman raises a concern about being housed in a "double bunk" cell at USP-Florence, he represented to Magistrate Judge Boyd N. Boland at a telephonic hearing on June 29, 2011, that he is being housed in a single cell. (Dkt. #28). Regardless, Mr. Huffman fails to describe any recent, specific threat by an enemy at USP-Florence which presents a danger to him as a result of his housing arrangement. Indeed, Plaintiff has not stated any specific facts to demonstrate that he is in immediate danger at USP-Florence. Mr. Huffman's concern that he might be transferred out of USP-Florence to another facility where some unknown enemies might murder him is based on hypothesis and falls short of the

3

standard required by Fed. R. Civ. P. 65(b).

Mr. Huffman's July 25 Motion for Emergency Injunction falters on the same ground. He asserts various complaints about the conditions of his confinement at USP-Florence, many of which he attributes to retaliatory acts by prison officials for his filing of the instant lawsuit. However, nowhere in his July 25 Motion does Mr. Huffman articulate a specific risk of immediate and irreparable injury if the Court does not grant immediate injunctive relief. Accordingly, it is

ORDERED that Mr. Huffman's "Motion [for] Temporary Restraining Order" (Dkt. #4) is DENIED. It is

FURTHER ORDERED that Mr. Huffman's "Motion for Emergency Injunction," (Dkt. #35) is DENIED. It is

FURTHER ORDERED that the "Declaration," filed by Mr. Huffman on July 19, 2011 (Dkt. #33), in which he requests an emergency hearing and the appointment of counsel, is DENIED. It is

FURTHER ORDERED that Mr. Huffman's "Declaration [of] Inability to Represent Myself" (Request for Appointment of Counsel) (Dkt. #40) and "Motion to be Appointed Counsel" (Dkt. #41) are DENIED.

DATED at Denver, Colorado, this __16th__ day of ___August___, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01459-BNB

Loral Huffman
Reg. No. 12723-018
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk