FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-BNB

LORAL HUFFMAN,

    Plaintiff,

v.

"BUREAU OF PRISONS UNNAMED AGENTS," and
DIRECTOR HARVEY LAPPIN,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Loral Huffman, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary (USP) in Florence, Colorado. He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), asserting violations of his constitutional rights. Mr. Huffman has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Huffman is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellman***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Huffman therefore

will be directed to file an Amended Complaint if he wishes to pursue his claims in this action.

Mr. Huffman has been a BOP "sentenced" inmate since December 2009. He alleges in his Complaint that he suffers from a chronic, violent sleepwalking disorder caused by a head injury he suffered while in the Marine Corps. In 1986 he attempted to murder his cell mate at a county jail and was thereafter transferred from one facility to another within the state system in an effort to find him a single cell. By 2008, Mr. Huffman was part of the federal system. He claims that he was disciplined at MDC Brooklyn in 2008 for refusing to double-bunk because of his medical condition and for an attempted suicide. He asserts that these disciplinary convictions violated his equal protection rights. He further claims that he has been denied medical treatment for his sleepwalking condition. For his third claim, Mr. Huffman asserts that BOP officials have failed to protect him from harm. He alleges that his cooperation with government authorities resulted in the convictions of dozens of gang members and that four BOP inmates attempted to murder him in 2010. As a result, he was placed in protective custody at USP-Terre Haute, Indiana, on "unverified enemy status." However, because of Plaintiff's single cell requirement, he was transferred to USP-Florence in March 2011. Plaintiff claims that the BOP's policy of "not listing enemies, not allowing name changes, [and] not removing [inmate] locations from the [BOP] website" will result in [his] murder." Compl., at 6. Mr. Huffman asserts in his fourth claim that inmates framed him for a prison penal code violation and that he was forced to plead guilty because he could not prove his innocence. He claims that his custody status is therefore illegal. For his fifth and final claim, Mr. Huffman asserts that BOP officials have denied him

grievance forms and grievance appeal forms, so that he has been denied his right of access to the courts. Mr. Huffman requests monetary relief, a permanent medical order that he be housed in a single cell, expungement of prison disciplinary convictions, and other relief.

To the extent Mr. Huffman is asserting claims against prison officials who reside in other states and for acts that took place in other states, this Court lacks proper venue to review the claims. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, such claims are not properly before this Court and are subject to *sua sponte* dismissal. See *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Alternatively, the court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice. *Id.* at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631).

Mr. Huffman's claims are deficient because he fails to identify adequately each defendant and each defendant's specific conduct that is the basis for his lawsuit. In order to state a claim in federal court, Mr. Huffman "must explain what each defendant

did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation by the named defendants is an essential allegation in a civil rights action. *See **Kite v. Kelley***, 546 F.2d 334, 338 (1976). Mr. Huffman therefore must show that each named Defendant caused the deprivation of a federal right. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). A supervisor, such as BOP Director Harvey Lappin, cannot be held liable merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See **Dodds v. Richardson***, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also **Richardson***, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or ***Bivens***] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .—express or otherwise—showing their authorization or approval of such 'misconduct.'") (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)).

Mr. Huffman may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

Huffman uses fictitious names he must provide **sufficient** information about each defendant so that each defendant can be identified for purposes of service.

Mr. Huffman has alleged in his other filings that prison officials at USP-Florence have retaliated against him for filing the instant lawsuit. *See, e.g.,* Dkt. #35. If Plaintiff intends to assert a retaliation claim in this action, he should include the claim in his Amended Complaint and the claim should conform to the directives in this Order. *See Nasious*, 492 F.3d at 1163. Accordingly, it is

ORDERED that Plaintiff, Loral Huffman, file **within thirty (30) days from the date of this order,** an Amended Complaint on the court-approved Prisoner Complaint form that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Huffman shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Huffman fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and this action will be dismissed without further notice.

DATED August 16, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-01459-BNB

Loral Huffman
Reg. No. 12723-018
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 16, 2011.

                                          GREGORY C. LANGHAM, CLERK

                               By: _____
                                          Deputy Clerk