IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01459-BNB

LORAL HUFFMAN,

    Plaintiff,

v.

"BUREAU OF PRISONS UNNAMED AGENTS,"
DIRECTOR HARVEY LAPPIN,

    Defendants,

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL

Plaintiff, Loral Huffman, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his constitutional rights. He requests injunctive and monetary relief. Mr. Huffman has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an August 16, 2011 Order, Magistrate Judge Boyd N. Boland directed Mr. Huffman to file an Amended Complaint within thirty (30) days that complied with certain directives outlined in the Order.

On September 2, 2011, Mr. Huffman filed an "Information for Temporary Restraining Order" (Dkt. #49), "Motion to be Appointed Counsel," (Dkt. #48), and supporting "Declaration." (Dkt. #50). The Court will construe Mr. Huffman's filings

liberally and together because Mr. Huffman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. The Court construes Mr. Huffman's "Information for Temporary Restraining Order" as a motion for a temporary restraining order. For the reasons stated below, the motion will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)). The decision to grant injunctive relief is a matter of the Court's discretion. *See Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir.2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion). To obtain a preliminary injunction, the movant must show that the movant will suffer irreparable harm if the injunction is denied. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1258 (10th Cir. 2004). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

Mr. Huffman asserts in his motion for temporary restraining order that prison officials at USP-Florence have interfered with his constitutional right of access to the courts by convicting him in a prison disciplinary proceeding of suing two inmates and then sanctioning him with loss of telephone, email, and communication privileges.

2

Plaintiff maintains that the loss of communication privileges will effectively prevent him from communicating with his outside legal assistant, thereby impeding his ability to prosecute the instant lawsuit. He further contends that this action will be dismissed if he is forced to proceed without the appointment of counsel because he has no access to legal assistance within the prison.

Mr. Huffman states in his "Declaration" (Dkt. #50) that his outgoing regular and legal mail is being withheld by the prison mail room and delivery of his incoming mail is being delayed for weeks. He also asserts that officials at USP-Florence have placed a "hold" on funds deposited into his inmate trust fund account, which has prevented him from paying court filing fees on a civil rights suit he is attempting to file in the United States District Court for the Eastern District of New York. *See* TRO Motion, Declaration, ¶ A, and attached Exhibit.

Mr. Huffman has failed to allege specific facts to demonstrate that he is threatened with immediate and irreparable injury at this time. Specifically, Plaintiff has not shown that the suspension of his communication privileges and the asserted problems concerning the delivery of his legal mail have resulted in "actual injury" by "frustrat[ing]," "imped[ing]," or "hinder[ing] his efforts to pursue a [nonfrivolous] legal claim." **Lewis v. Casey**, 518 U.S. 343, 351-53 and n.3 (1996); *see also **Simkins v. Bruce**, 406 F.3d 1239, 1243-44 (10th Cir. 2005) (under **Lewis**, cognizable harm arises when the plaintiff's efforts to pursue an arguable claim are impeded). Plaintiff's allegations concerning interference with his legal mail are conclusory and cannot support an award of injunctive relief under Fed. R. Civ. P. 65(b) (request for temporary

restraining order must be supported by specific facts). Furthermore, while access to law libraries or effective legal assistance are constitutionally acceptable methods of assuring meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. Mr. Huffman states that he has "only been to [the] law library twice" because USP-Florence has been on lockdown for 91 of the 130 days of his incarceration and the inmates are confined to their cells. *See* Dkt. # 48, at ¶ H. He further states that he is unable to obtain legal assistance from other inmates because of his "informant" status. *Id.* at ¶ G. Under *Bounds* and *Casey*, Mr. Huffman is entitled to a "reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] . . . conditions of confinement." *Casey*, 581 U.S. at 356; *see also Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir.1995) (legal assistance is constitutionally sufficient when provided by nonattorneys trained in the law such as inmate law clerks, paralegals, or law students). At this point, Mr. Huffman has not demonstrated that prison officials at USP-Florence have denied him that capability such that he cannot file the Amended Complaint directed by the Court's August 16 Order, if afforded additional time to do so.

Accordingly, the Court finds that Mr. Huffman is not under any immediate threat of having the instant lawsuit dismissed because he lacks a reasonably adequate opportunity to file nonfrivolous legal claims challenging the conditions of his confinement. Mr. Huffman will be granted an extension of time to file his Amended Complaint. As such, Plaintiff has failed to demonstrate an entitlement to a temporary

restraining order or preliminary injunctive relief.

Mr. Huffman also asserts that USP-Florence officials have placed a "hold" on his inmate trust fund account and have thereby impeded his ability to file a civil rights suit in the United States District Court for the Eastern District of New York. In July 2011, Mr. Huffman attempted to file a 42 U.S.C. § 1983 action against two federal inmates at MDC-Brooklyn for assault and conspiring to murder him. He requested approximately $36,000 in damages. *See* Exhibit to TRO Motion. The Eastern District of New York returned the Complaint to Mr. Huffman, directing him to cure a deficiency in his filing by paying the applicable $350.00 filing fee or submitting a motion for leave to proceed in forma pauperis. *Id.*

The Court finds that Mr. Huffman has also failed to demonstrate an entitlement to preliminary injunctive relief with regard to his efforts to pursue a lawsuit in the Eastern District of New York. Plaintiff cannot show that he will suffer irreparable harm if the Court does not enjoin USP-Florence prison officials from placing a "hold" on his prison trust fund account because the intended civil action has obvious jurisdictional defects. Mr. Huffman's assault claim against other federal inmates, who are not federal officials or state actors, is not actionable under *Bivens* or 42 U.S.C. § 1983. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (a *Bivens* action only "lies against [a] federal official in his individual capacity"); *West v. Atkins*, 487 U.S. 42, 48 (1988) (Section 1983 redresses deprivations of federal statutory or constitutional rights committed by a person acting "under color of state law."); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (the state law requirement of § 1983

necessarily "excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks and citations omitted). Absent a federal question, Mr. Huffman must invoke the court's diversity jurisdiction under 28 U.S.C. § 1332 to maintain his action in the Eastern District of New York. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also **Arbaugh v. Y&H Corp.***, 546 U.S. 500, 513 (2006). Even assuming complete diversity of citizenship between Mr. Huffman and the defendants, Mr. Huffman fails to assert the minimum amount in controversy. Accordingly, Mr. Huffman has failed to demonstrate at this time that officials at USP-Florence are impeding him from filing a nonfrivolous lawsuit in the United States District Court for the Eastern District of New York.

Furthermore, although unnecessary to the Court's ruling, and disputed by the Plaintiff, the USP-Florence Trust Fund Specialist stated to the Court in a Declaration dated August 5, 2011, that prison officials have not placed a "hold" on Mr. Huffman's account and that "nothing preclude[s] inmate Huffman from accessing his funds," including a deposit in the amount of $385.00 dated August 3, 2011. *See* Declaration of Julie Gilbert, attached as Ex. A to Dkt. #42.

Accordingly, it is

ORDERED that Mr. Huffman's "Information for Temporary Restraining Order" (Dkt. #49), filed September 2, 2011, which the Court has construed liberally as a Motion for Temporary Restraining Order, is DENIED. It is

FURTHER ORDERED that the "Motion to be Appointed Counsel" (Dkt. #48), filed September 2, 2011, is DENIED. It is

FURTHER ORDERED that Mr. Huffman, file **on or before October 17, 2011,** an Amended Complaint on the court-approved Prisoner Complaint form that complies with the directives in the August 16, 2011 Order. It is

FURTHER ORDERED that Mr. Huffman shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Huffman fails to file an Amended Complaint that complies with the August 16, 2011 Order to the Court's satisfaction within the time allowed, the complaint and this action will be dismissed without further notice.

DATED at Denver, Colorado, this __13th__ day of ___September___, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01459-BNB

Loral Huffman
Reg. No. 12723-018
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk