IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 11-cv-01459-BNB

**OCT 2 0 2011**

LORAL HUFFMAN,

**GREGORY C. LANGHAM**
CLERK

Plaintiff,

v.

"BUREAU OF PRISONS UNNAMED AGENTS,"
DIRECTOR HARVEY LAPPIN,

Defendants,

---

## ORDER TO DISMISS IN PART AND DRAWING CASE
## TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

Plaintiff, Loral Huffman, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado.  He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), asserting violations of his constitutional rights.  He requests injunctive and monetary relief.   Mr. Huffman has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On August 16, 2011, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient.  Specifically, Judge Boland found that venue was not proper in the District of Colorado for Plaintiff's claims arising out of acts that took place in other states and are asserted against prison officials who reside outside of Colorado.  Magistrate Judge Boland further found that Mr. Huffman failed to identify a prison official in Colorado who personally participated in a deprivation of his

constitutional rights so as to subject that individual to liability under *Bivens*. Magistrate Judge Boland therefore directed Mr. Huffman to file an amended complaint within thirty days. Mr. Huffman was advised that failure to file an amended complaint by the court-ordered deadline may result in dismissal of this action without further notice.

On September 13, 2011, the Court granted Mr. Huffman an extension of time up to and including October 17, 2011, to submit his amended complaint. (Dkt. # 57). On October 17, 2011, Mr. Huffman filed a "[Motion] for Emergency Intervention" (Dkt # 64). The October 17 filing includes a Declaration from Mr. Huffman stating that he made copies of his "amended civil suit" on October 12, 2011, but prison officials confiscated all of his property the following day after he refused an order to double-bunk. (Dkt. #64, at 8). Consequently, Mr. Huffman did not file his amended complaint by the court-ordered deadline.

The Court declines to grant Mr. Huffman an additional extension of time to file his amended pleading because that remedy will not advance the case, given the current procedural posture of this case. In particular, there are five motions for temporary restraining order pending, three of which lack merit, and two of which appear to be of arguable merit. Moreover, despite the Court's warning to Mr. Huffman in the August 16 Order, the Court finds that dismissal of the entire action is not appropriate at this time. The original Complaint is deficient in part, but is not subject to summary dismissal in its entirety, for the reasons discussed below.

The Court must construe liberally the Complaint because Mr. Huffman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

2

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Federal officials sued in their individual capacities for constitutional violations may be subject to monetary liability under *Bivens*. The Court construes Mr. Huffman's claims against "the Bureau of Prisons Unknown Named Agents" liberally as asserted against individual John and/or Jane Doe Defendants. However, to the extent Plaintiff is suing the BOP, the federal agency is immune from monetary liability. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The BOP does not enjoy sovereign immunity against claims of injunctive relief. *See Simmat v. U.S. Bureau of Prisons*, 413 U.S. 1225, 1238-39 (10th Cir. 2005).

Mr. Huffman alleges in his Complaint that he suffers from a chronic, violent sleepwalking disorder caused by a head injury he suffered while in the Marine Corps. In 1986 he attempted to murder his cell mate at a county jail. Thereafter, he was transferred repeatedly within the state system as efforts were made to house him in a single cell. By 2008, Mr. Huffman was part of the federal system. He claims that he has been denied treatment for his somnambulism pursuant to Defendant Lappin's policy of not providing medical treatment to inmates with sleepwalking disorders. He further

3

claims that he was disciplined at MDC Brooklyn in 2008 for refusing to double-bunk

because of his medical condition and for an attempted suicide.  Mr. Huffman asserts

that these disciplinary convictions violated his equal protection rights.  For his third

claim, Mr. Huffman asserts that BOP officials have failed to protect him from harm.  He

alleges that his cooperation with government authorities resulted in the convictions of

dozens of gang members and that four BOP inmates attempted to murder him in 2010

at other federal facilities.  As a result, he was placed in protective custody at USP-Terre

Haute, Indiana, on "unverified enemy status."  Compl., at 6.  However, because of his

single cell requirement, he was transferred to USP-Florence in March 2011.  Mr.

Huffman asserts that the BOP's policy of "not listing enemies, not allowing name

changes, [and] not removing [inmate] locations from the [BOP] website" will result in

[his] murder." *Id.*  In claim four, Plaintiff challenges his custody classification based on

various prison disciplinary convictions.  For his final claim, Mr. Huffman asserts that

BOP officials have denied him grievance forms to exhaust his administrative remedies,

which has resulted in a deprivation of his constitutional right of access to the courts.  Mr.

Huffman requests monetary relief, a permanent medical order that he be housed in a

single cell, expungement of prison disciplinary convictions, and other relief.

This Court is not the proper venue to adjudicate Mr. Huffman's claims that arose

in other states and which are asserted against federal prison officials that reside outside

of Colorado.  Under 28 U.S.C. § 1391, paragraph (b) states:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided by
> law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events

> or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is
> situated, or (3) a judicial district in which any defendant is
> subject to personal jurisdiction at the time the action is
> commenced, if there is no district in which the action may
> otherwise be brought.

Therefore, such claims are not properly before this Court and are subject to **sua sponte** dismissal. **See Trujillo v. Williams**, 465 F.3d 1210, 1217 (10th Cir. 2006). Alternatively, the court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice. **Id.** at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631). The Court declines to transfer the claims in lieu of dismissal because Mr. Huffman fails to identify adequately the responsible defendant and each defendant's specific conduct that is the basis for his lawsuit. **See Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007) (in order to state a claim in federal court, the plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); **see also Kite v. Kelley**, 546 F.2d 334, 338 (1976) (personal participation by the named defendant is an essential allegation in a civil rights action).

Accordingly, Mr. Huffman's equal protection claim will be dismissed in its entirety. Plaintiff's other claims will be dismissed, in part, to the extent they are based on conduct occurring outside the state of Colorado and are asserted against John or Jane Doe Defendants residing outside of Colorado.

Upon completion of the Court's review of the Complaint pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Huffman's first claim (denial

of medical treatment for somnambulism), third claim (failure to protect), fourth claim (challenging his custody classification), and fifth claim (denial of grievances - deprivation of access to the courts), do not appear to be appropriate for summary dismissal to the extent those claims arise out of conduct occurring, and policies implemented, at USP-Florence, Colorado, and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D.

### Motions for Temporary Restraining Order

On September 12, 2011, Mr. Huffman filed the following documents: (1) Information for Temporary Restraining Order (Dkt. #54); (2) Information for Temporary Restraining Order (Dkt. #55); and, (3) Information for Temporary Restraining Order (Dkt. #56). The Court construes each of these documents liberally as a motion for a temporary restraining order.

A movant seeking a motion for temporary restraining order or preliminary injunction must demonstrate: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009. A temporary restraining order or preliminary injunction is an "extraordinary remedy," and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)). The decision to grant injunctive relief is a matter of the Court's discretion. *See Gen. Motors Corp. v. Urban Gorilla, LLC*,

6

500 F.3d 1222, 1226 (10th Cir.2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion).

"A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010) (movant seeking a preliminary injunction must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint") (internal quotations and citation omitted); *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275, 277 (10th Cir. 1981) ("the primary function of a preliminary injunction is to preserve the status quo pending a final determination of the parties' rights").

In Dkt. #54, Mr. Huffman asserts that for the past eighteen months he has reported symptoms of chronic bleeding in his stool and saliva, chronic fatigue, and throat pain, which have been ignored by the prison medical providers and dismissed as caused by "dry air." He further asserts that four months ago a physician recommended that he receive a colonoscopy, but he has not been allowed the procedure to date. Mr. Huffman filed his Prisoner Complaint in this action on June 3, 2011. In his Complaint, he claims a denial of medical care in relation to a "chronic, violent sleepwalking disorder," but makes no mention of chronic bleeding from his mouth or colon. Mr. Huffman's claim that he has been denied medical care for chronic bleeding and a possible colon condition bears no relation to the merits of his claim that prison officials have acted with deliberate indifference to his somnambulism. Accordingly, Mr.

Huffman has failed to establish a right to preliminary injunctive relief for the medical care he requests in Dkt. #54.

In Dkt. #55, Mr. Huffman asserts that he has been denied diet in conformance with his religious needs in retaliation for filing the instant action. He alleges that he has lost thirteen pounds in two weeks because his food tray is missing certain food items, the food is frozen and sometimes rotten, and the menu does not comply with national standards. "It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (brackets and internal quotation marks omitted). Again, however, Mr. Huffman does not assert a claim of unlawful retaliation in his Complaint. Although the Court granted him leave to amend his pleading to include the claim, *see* August 16, 2011 Order, he has not filed an amended complaint to date.

In Dkt # 56, Mr. Huffman complains that since he initiated this lawsuit, the prison mail room has withheld his outgoing and incoming mail. He asserts that he is unable to comply with the court's order to file an amended complaint. The Court notes, however, that Mr. Huffman stated in an October 17, 2011 Declaration that he had prepared and made copies of his amended pleading as of October 12, 2011, but was unable to file it because his property was confiscated by prison officials on October 13, 2011 when he refused an order to double-bunk. (*See* Dkt. #64, at 8). And again, Mr. Huffman does not assert a claim of unlawful retaliation or unlawful interference with his mail in his Complaint.

Accordingly, the motions for temporary restraining order filed in Dkt. ##54, 55

8

and 56 will be denied because Mr. Huffman has failed establish a relationship between the injuries claimed in each of his motions and the objectionable conduct asserted in his Complaint. *See Little*, 607 F.3d at 1251.

### Orders

For the reasons discussed above, it is

ORDERED that the John and/or Jane Doe Defendants who are implicated in the claims which are based on conduct that occurred outside of Colorado and who resided outside of Colorado during the time period relevant to the Complaint are DISMISSED. It is

FURTHER ORDERED that the second claim for relief (equal protection claim) and the portions of claims one, three, four and five that are based on conduct occurring outside of Colorado are dismissed. It is

FURTHER ORDERED that the Information [Motion] for Temporary Restraining Order (Dkt. #54), Information [Motion] for Temporary Restraining Order (Dkt. #55), and Information [Motion] for Temporary Restraining Order (Dkt. #56), are **DENIED**. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __20th__ day of ___October_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-01459-BNB

Loral Huffman
Reg. No. 12723-018
USP - Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 20, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk