IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, United Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.D., and
CRANK, Trust Manager,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **"Information for Temporary Restraining Order"** [Docket No. 62; Filed September 30, 2011], **"Emergency Injunction"** [Docket No. 64; Filed October 17, 2011], **Motion to Seal** [Docket No. 73; Filed 10/27/2011], and **second "Information for Temporary Restraining Order**" [Docket No. 74; Filed October 27, 2011]. The documents related to injunctive relief have been construed and filed as Motions by the Clerk's Office (the "Motions"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions are referred to this Court for Recommendation, and the Motion to Seal is referred for disposition [Docket Nos. 72, 75]. For the reasons stated below and upon review of the entire record herein, the Court respectfully

1

**RECOMMENDS** that the Motions related to injunctive relief [##62, 64, 74] be **DENIED**. The Court **ORDERS** that the Motion to Seal [#73] is **DENIED**.[1]

Plaintiff is incarcerated at the United States Penitentiary in Florence, Colorado ("USP-Florence"). Plaintiff alleges that he is afflicted by a documented sleepwalking disorder (referred to as somnambulism). Due to this disorder, Plaintiff contends that he must always be housed in a single cell, as opposed to a double unit (referred to as "double bunked"), because he may "kill or be killed . . . during a sleepwalking episode." Docket No. 64 at 9. In his Motions, Plaintiff claims that he is at risk of being double bunked at the USP-Florence and requests that the Court intervene.

Senior District Judge Babcock has already addressed this request for relief. Plaintiff previously filed a "Pro Se Motion Restraining Order" on June 3, 2011, and a "Motion for Emergency Injunction" on July 25, 2011, seeking an order requiring the Bureau of Prisons to house him in a single cell for the same reason recited above. Docket Nos. 3, 35. The Court denied these motions in an Order issued August 16, 2011. Docket No. 45. *See Huffman v. "Bur. of Prisons Unnamed Agents"*, No. 11-cv-01459-BNB, 2011 WL 3627405 (D. Colo. Aug. 16, 2011). The Court explained,

> Mr. Huffman has failed to allege specific facts to demonstrate that he is threatened with immediate and irreparable injury. Although Mr. Huffman raises a concern about being housed in a "double bunk" cell at USP-Florence, he represented to Magistrate Judge Boyd N. Boland at a telephonic hearing on June 29, 2011, that he is being housed in a single cell. (Dkt.# 28). Regardless, Mr. Huffman fails to describe any recent, specific threat by an enemy at USP-Florence which presents a danger to him as a result of his housing arrangement. Indeed, Plaintiff has not stated any specific facts to demonstrate that he is in immediate danger at USP-Florence.

Docket No. 45 at 3.

---

[1] A judicial officer may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

Nothing presented by the Motions at issue [##62, 64, 74] leads the Court to believe that Plaintiff's circumstances have changed. Thus, Plaintiff's request should again be denied on the bases stated by Senior District Judge Babcock. *See Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH, 2010 WL 3923092, at *11 (D. Colo. Oct. 1, 2010) (unreported decision) ("[T]he law of the case doctrine generally 'dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case.'" (quoting *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007)).

Moreover, Plaintiff filed an Amended Complaint on October 27, 2011. Docket No. 70. The Amended Complaint added new Defendants, and the Bureau of Prisons is no longer identified as a Defendant. Review of the Motions at issue demonstrates to the Court that Plaintiff does not connect the factual allegations stated therein to the Defendants listed in the recently-submitted Amended Complaint. The Court thus has no jurisdictional basis to further evaluate the relief requested, in the absence of a named Defendant to whom the allegedly violative acts may be attributed. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (affirming the denial of a motion for preliminary injunction on the basis that the incarcerated *pro se* plaintiff had not "alleged that the defendants named in the complaint participated in the alleged deprivations . . . .").

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's **"Information for Temporary Restraining Order"** [Docket No. 62; Filed September 30, 2011], **"Emergency Injunction"** [Docket No. 64; Filed October 17, 2011], and **second "Information for Temporary Restraining Order"** [Docket No. 74; Filed October 27, 2011] be **DENIED**.

The Court notes that the Motions recommended for denial herein are (at least) the third, fourth, and fifth filings related to the same issue. Repetitive filing of meritless motions

regarding the same topic will not be tolerated. The Court is mindful that it must construe Plaintiff's filings liberally, as Plaintiff proceeds *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Plaintiff, as a *pro se* litigant, is obligated to follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The Court warns Plaintiff that "[a] verbose, redundant, ungrammatical, or unintelligible motion, response, or reply may be **stricken** or returned for revision, and its filing may be grounds for **imposing sanctions**." D.C.COLO.LCivR 7.1H. (emphasis added).

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Seal [#73] is **DENIED** for failure to comply with D.C.COLO.LCivR 7.2C, which prescribes as follows:

> Any motion to seal or restrict public access shall address, at a minimum:
> 1. the nature of the material or the proceeding at issue;
> 2. the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the

    relief sought;
    3. the clearly defined and serious injury that would result if the relief sought is not granted; and
    4. why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (e.g., redaction, summarization, limited sealing of exhibits or portions of exhibits).

Plaintiff's Motion to Seal does not comply with these requirements.

    The Court notes that Magistrate Judge Boland previously denied a motion to seal as well as a motion for reconsideration of Judge Boland's order denying the motion to seal, both filed by Plaintiff. See Docket No. 28. Judge Boland explicitly found that the information Plaintiff seeks to be sealed "is generally known and sealing the file will do little or nothing to protect him from future attacks." Id. at 2. Again, nothing presented in the Motion to Seal at issue indicates to the Court that Plaintiff's circumstances have changed. Although D.C.COLO.LCivR 7.2 provides an independent basis for the denial of Plaintiff's Motion, in consideration of Judge Boland's previous order, the Court further finds that Plaintiff fails to present any substantive ground for a second reconsideration of Judge Boland's order. Accordingly, the Court **DENIES** Plaintiff's Motion to Seal [#73].

    Dated October 31, 2011, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge