IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.D., and
CRANK, Trust Manager,

    Defendants.

## ORDER

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

    This matter is before the Court *sua sponte*. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent

1

him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of his case on the list, a *pro se* plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In Affidavits recently filed with the Court [Docket No. 88 at 4; Docket No. 83], Plaintiff represents that he is currently incarcerated in a double bunk, contrary to doctors' orders regarding his allegedly violent somnambulism. Additionally, Plaintiff attests that prison staff are taking actions to preclude his access to the court.  Plaintiff emphasizes that he has harmed himself and is likely to harm his bunk-mate if he remains double-bunked.  In light of the gravity of Plaintiff's allegations, in addition to his atypical sleepwalking disorder, the Court believes that this case is appropriate for inclusion on the list of cases for which the Court is seeking volunteer counsel.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's case will be placed on the list of cases available for volunteer counsel.  Again, **placement on the list frequently does not result**

**in counsel being obtained**. If an attorney does not volunteer to represent Plaintiff, Plaintiff is warned that he must comply with the scheduled Court dates and Court orders.

DATED: November 10, 2011 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge