IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.O., and
CRANK, Trust Manager,

    Defendants.
_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's "Denied Court Access"** [Docket No. 122; Filed November 25, 2011], **Motion for Clarification** [Docket No. 123; Filed November 25, 2011], and **Motion for Verification** [Docket No. 124; Filed November 25, 2011].

    IT IS HEREBY **ORDERED** that the document titled "Denied Court Access" [#122] is **DENIED**. The Court construes this document as a request for a Court order forcing the Bureau of Prisons, which is not a named defendant in this action, to provide Plaintiff with unlimited and cost-free "pen-paper-envelopes." This document does not articulate any factual allegations or connect such allegations to a Defendant identified in the Amended Prisoner Complaint [#70]. Without such information, the Court does not have a jurisdictional basis to further evaluate the relief requested. *See Recommendation*, [#76] at 3. In any event, regardless of Plaintiff's *in forma pauperis* status, he is not entitled to unlimited cost-free copies and forms in this litigation. *See Windsor v. Martindale*, 175 F.R.D. 665, 670-72 (D. Colo. 1997).

    IT IS FURTHER **ORDERED** that the Motion for Clarification [#123] is **GRANTED** as follows. In this Motion, Plaintiff inquires about "Claims #10-13." The Court previously explained in a Minute Order issued November 17, 2011 [#116] that the Amended Prisoner

1

Complaint [#70] is the presently governing pleading. The Amended Prisoner Complaint contains nine claims for relief. Plaintiff submitted a document identifying three claims from Brooklyn, New York, on November 7, 2011 [#93], and a Prisoner Complaint form enumerating claims numbered 10 through 13 on November 9, 2011 [#97]. These documents were not filed as a result of instructions from the Court and do not comply with the federal and local rules. If Plaintiff is seeking leave to file a Second Amended Prisoner Complaint, he must file a motion which complies with the applicable federal and local rules and which includes the proposed Second Amended Prisoner Complaint stating all claims Plaintiff seeks to pursue as a document separate from the motion. The Court will not permit the adjudication of this case in piecemeal fashion. Plaintiff, as a *pro se* litigant, is required to follow the same rules of procedure that govern all litigants in this District. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Any proposed Second Amended Prisoner Complaint which does not comply with this Minute Order will be summarily stricken.

IT IS FURTHER **ORDERED** that the Motion for Verification [#124] is **DENIED** as follows. Plaintiff asks the Court to transfer claims dismissed from this case on the basis that the factual allegations took place in Brooklyn, New York, which is out of the jurisdictional reach of this District. In the Order issued October 20, 2011 [#65], Senior District Judge Babcock dismissed all claims arising from other states and asserted against federal prison officials residing outside of Colorado. The Court specifically declined to transfer the claims in lieu of dismissal "because Mr. Huffman fails to identify adequately the responsible defendant and each defendant's specific conduct that is the basis for his lawsuit." [#65] at 5. Plaintiff provides no legal authority indicating that this decision, which is now the law of the case, should be reconsidered.

Dated: November 30, 2011