IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.D., and
CRANK, Trust Manager,

    Defendants.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Emergency Injunction Motion to Find Defendants in Contempt of Court** [Docket No. 80; Filed October 31, 2011] (the "Motion"). The Motion is referred to this Court for recommendation [#84]. Defendants, in their official capacities, filed a Response on December 6, 2011 [#138]. The Court has reviewed the Motion, Plaintiff's Affidavit [#83], Defendants' Response, the case file, and the applicable law.[1] Having been fully advised on the premises, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

---

[1] The Court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

1

## I. Background

Plaintiff is incarcerated at the United States Penitentiary in Florence, Colorado ("USP-Florence"). The crux of many of Plaintiff's filings in this matter arises from Plaintiff's allegation that he is afflicted by a sleepwalking disorder, referred to as somnambulism. Due to this disorder, Plaintiff contends that he must always be housed in a single cell in the correctional facility, as opposed to a double unit, because he endangers himself and others while sleepwalking. *See* [##80, 83].

In Plaintiff's Amended Prisoner Complaint, which is the governing pleading, Plaintiff brings nine claims against nine defendants, as follows: 1) denial of mental health treatment arising from alleged "chronic violant [sic] somnambulism"; 2) denial of medical treatment for a variety of alleged medical conditions; 3) denial of equal protection due to improper classification; 4) denial of due process in the form of discipline for purposes of harassment; 5) denial of access to the court by barring Plaintiff's lawsuit against another inmate; 6) denial of access to the court by withholding grievance forms; 7) denial of access to the court by withholding mail and other legal documents; 8) denial of religious meals; and 9) improperly inflated costs imposed for medical equipment and legal supplies. *See* [#70]. Plaintiff does not designate whether he sues the defendants in their individual or official capacities, or both. Plaintiff requests monetary damages and various forms of injunctive relief. *Id.* at 16.

In the Motion at hand, Plaintiff presents six requests: 1) the return of his legal documents; 2) to be housed in a cell, as opposed to a room; 3) to be housed in a single cell, as opposed to a double; 4) to be housed in protective custody; 5) to be separated from two persons identified as enemies; and 6) to be transferred to a medical facility. *See* [#80]

at 4. Plaintiff does not explain whether the defendants named in the Amended Prisoner Complaint participated in the deprivations alleged in the Motion. Plaintiff further does not include any legal authority in support of his requests.

## II. Analysis

Given Plaintiff's *pro se* status, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court interprets the Motion as seeking a preliminary injunction in the form of an order regarding the above-stated requests. A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford

> the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

"To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

In their Response, Defendants attest that Plaintiff is presently housed in protective custody in the Special Housing Unit ("SHU"), at his request. [#138] at 9. Defendants state that Plaintiff is considered a "Verified Protective Custody case," and awaits transfer to "another facility commensurate with his security and programming needs." *Id.* at 9-10. Although Plaintiff is housed with another inmate due to needed bed space, Defendants explain that "there have been no witnessed episodes of sleepwalking, no complaints from

[Plaintiff's] cellmate, and no episodes of violates [sic] that have been made known to the Psychology Services Department." *Id.* at 12. Furthermore, Defendants aver that although Plaintiff believes he is afflicted by a sleepwalking disorder, there is "no medical diagnosis of somnambulism." *Id.* Defendants filed multiple affidavits in support of their Response, by Clay C. Cook, a Senior Attorney Advisor at the Federal Correctional Complex [#138-1]; Richard Derr, the Unit Manager who is familiar with Plaintiff [#138-2]; Dr. David Allred, the clinical director at the Federal Correctional Complex [#138-3]; and Dr. Ann Clemmer, the chief psychologist at the Federal Correctional Complex [#139]. Each declarant attests that he or she is familiar with Plaintiff, and their testimony corroborates the factual statements in the Response.

In light of this testimony, the Court finds that Plaintiff's requests regarding his housing situation lack merit. There is no indication in the record that Plaintiff is in harm's way, imminent or otherwise. Given that there is no evidentiary support for Plaintiff's conclusory allegations (other than a self-serving affidavit [#83]), and Defendants provide ample testimony in support of their position, Plaintiff has failed to establish that irreparable injury is imminent. Thus, his Motion seeking injunctive relief should be denied. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is a sufficient ground, by itself, to deny injunctive relief); *Dominion Video Satellite, Inc.*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).

Furthermore, regarding Plaintiff's request for his legal materials, Unit Manager Derr stated under oath that Plaintiff "currently has all legal property in his possession." [#138-2] at 6. This is evident to the Court, in light of the numerous and constant filings made by

5

Plaintiff in this case. Thus, this request should be denied as moot.

Regarding Plaintiff's request for an order limiting any transfer to a medical facility, the Court notes that it appears that Plaintiff is due to be transferred to a facility more appropriate for his needs, as explained in the Response. [#138] at 9-10. In any event, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Meachum v. Fano*, 427 U.S. 215, 228 (1976) (noting that "[w]hatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections so long as prison officials have discretion to transfer him for whatever reason or for no reason at all").

## III.  Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#80] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91

F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated at Denver, Colorado, this 8th day of December, 2011.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge