IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

"BUREAU OF PRISONS UNNAMED AGENTS" and
DIRECTOR HARVEY LAPPIN,

    Defendants.

## ORDER AFFIRMING DECEMBER 8, 2011
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. On December 8, 2011, the Magistrate Judge issued a Recommendation (Doc. # 140), in which she recommended that Plaintiff's "Emergency Injunction Motion to Find Defendants in Contempt of Court" (Doc. # 80) be denied. On December 21, 2011, Plaintiff, proceeding *pro se*, filed a motion that included one paragraph objecting to the Magistrate Judge's Recommendation.[1] (Doc. # 152 at 7.)

---

[1] Plaintiff's filing includes several other requests for relief that are unrelated to the Magistrate Judge's December 8, 2011 Recommendation. The filing includes a response to the government's motion, an objection to the Magistrate Judge's Recommendation, a motion for perjury charges, and a request that the Magistrate Judge recuse herself. Plaintiff may not combine all of these matters into one motion. Thus, to the extent that Plaintiff seeks additional relief beyond reconsideration of the Magistrate Judge's Recommendation, the Court denies the motion without prejudice because it improperly combines unrelated requests and is unintelligible. *See* D.C.COLO.LCivR 7.1H.

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. R. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court"). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In his one paragraph of objections, Plaintiff alleges that Magistrate Judge Mix rushed to judgement, that her decision lacks any reasonable understanding of the issues, and that she was prejudiced in favor of Defendants. (Doc. # 152 at 7.) These objections are not sufficiently specific to require the Court to conduct a *de novo* review. In the absence of specific objections, the Court applies whatever standard of review it determines appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The Court has carefully reviewed all relevant pleadings concerning Plaintiff's Motion for Preliminary Injunction and the Magistrate Judge's Recommendation. Based on this review, the Court concludes that the Magistrate Judge's Recommendation is correct and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72

advisory committee's note. Therefore, the Court ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, IT IS ORDERED THAT Plaintiff's "Emergency Injunction Motion to Find Defendants in Contempt of Court" (Doc. # 80) be DENIED. To the extent that Plaintiff's objections contain additional requests for relief, Plaintiff's motion (Doc. # 152) is DENIED WITHOUT PREJUDICE.

DATED: December 28, 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge