IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.O., and
CRANK, Trust Manager,

    Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's "Motion Order [sic] of 6 Month Forensic Evaluation"** [Docket No. 166; Filed January 9, 2012] (the "Motion"). The Court interprets Plaintiff's Motion as requesting a transfer to "any medical prison" for the purpose of evaluating his alleged sleepwalking disorder.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Prison officials retain "broad administrative and discretionary authority to manage and control the prison institution," including the location of a prisoner's incarceration. *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (citing *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir.1987)). *See also Wedelstedt v. Wiley*, 477 F.3d 1160, 1165-66 (10th Cir. 2007) (explaining that Section 3621(b) of 18 U.S.C. conveys discretion to the Bureau of Prisons in designating where a prisoner is incarcerated); *United States v. Roberts*, 190 F. App'x 717, 720 (10th Cir. 2006) (Section 3621(b) "gives primary authority to the executive branch to determine the facility where a prisoner should be placed."). Plaintiff provides no legal authority to the contrary in support of his request. Furthermore, review of the attachment to Plaintiff's Motion indicates that prison staff have instructed Plaintiff to "document [his] injuries via medical staff," implying that Plaintiff may not have availed himself of the medical services available to him at his present location. *See* [#166] at 8.

    Dated: January 10, 2012