IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.O., and
CRANK, Trust Manager,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's "Motion to File Motions Exhibits"** [Docket No. 170; Filed January 11, 2012] and **Plaintiff's "Request Transfer Prohibited for Safety"** [Docket No. 131; Filed November 30, 2011].

    IT IS HEREBY **ORDERED** that Plaintiff's "Motion to File Motions Exhibits" [#170] is **DENIED**. The Court interprets this Motion as seeking permission to lodge nearly 250 pages of documents on the record as "Exhibits" to disposed-of motions, for Plaintiff's use at trial. Pursuant to Fed. R. Civ. P. 5(d), evidentiary materials need not be filed on the docket "until they are used in the proceeding or the court orders filing." The Court has no need of the 250 pages of documents at this stage of the litigation, as the motions to which Plaintiff refers have been ruled on, and no trial date is set.

    IT IS FURTHER **ORDERED** that Plaintiff's "Request Transfer Prohibited for Safety" [#131] is **DENIED** for the reasons stated in the Recommendation issued December 8, 2011 [#140] and the Minute Order issued January 10, 2012 [#168]. Again, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515

U.S. 472 (1995); *see also Meachum v. Fano*, 427 U.S. 215, 228 (1976) (noting that "[w]hatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections so long as prison officials have discretion to transfer him for whatever reason or for no reason at all"). Prison officials retain "broad administrative and discretionary authority to manage and control the prison institution," including the location of a prisoner's incarceration. *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (citing *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir.1987)). *See also Wedelstedt v. Wiley*, 477 F.3d 1160, 1165-66 (10th Cir. 2007) (explaining that Section 3621(b) of 18 U.S.C. conveys discretion to the Bureau of Prisons in designating where a prisoner is incarcerated); *United States v. Roberts*, 190 F. App'x 717, 720 (10th Cir. 2006) (Section 3621(b) "gives primary authority to the executive branch to determine the facility where a prisoner should be placed."). Plaintiff provides no legal authority to the contrary in support of his request.

Dated: January 17, 2012