IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.O., and
CRANK, Trust Manager,

    Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's "Order to Produce"** [Docket No. 174; Filed January 18, 2012]; **"Motion Find Defendant in Contempt of Court"** [Docket No. 177; Filed January 18, 2012]; **"Motion for Holding Defendants for Obstructing Justice"** [Docket No. 178; Filed January 18, 2012]; and **"Motion to Defendant in Contempt of Court"** [Docket No. 179; Filed January 18, 2012].

    As a preliminary matter, it has come to the Court's attention through the Federal Bureau of Prisons Inmate Locator that Plaintiff is now in custody at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma.[1]  Accordingly,

    IT IS HEREBY **ORDERED** that on or before **January 31, 2012**, Defendants shall file a Status Report with the Court indicating 1) Plaintiff's assigned facility and 2) their position regarding the mootness of Plaintiff's claims, if Plaintiff is now incarcerated outside of the

---

[1] This Court may take judicial notice of court documents and matters of public record. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1171-72 (10th Cir. 1979).  Location of inmates in the custody of the Federal Bureau of Prisons are, in large part, a matter of public record and can be accessed online at http://www.bop.gov/iloc2/LocateInmate.jsp.

1

District of Colorado.

IT IS FURTHER **ORDERED** that Plaintiff's "Order to Produce" [#174] is **DENIED WITHOUT PREJUDICE**. The Court has not yet held a Preliminary Scheduling Conference in this matter, thus discovery has not yet begun. Once discovery commences, Plaintiff may issue written discovery requests to Defendants, which the Court will discuss at the Preliminary Scheduling Conference set for April 17, 2012. If Plaintiff intends to challenge Defendants' discovery responses after he has received and reviewed the responses, Plaintiff may file a motion compliant with Fed. R. Civ. P. 37 and D.C.COLO.LCivR 37.1.

IT IS FURTHER **ORDERED** that Plaintiff's Motion at #177 is **DENIED** for the reasons stated in the Recommendation issued December 8, 2011 [#140] and adopted on December 28, 2011 [#153].

IT IS FURTHER **ORDERED** that Plaintiff's Motion at #178 is **DENIED**. In the Motion, Plaintiff does not identify a Defendant to whom his allegations are directed. The Court thus has no jurisdictional basis to further evaluate the relief requested, in the absence of a named Defendant to whom the allegedly violative acts may be attributed. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (affirming the denial of a motion for preliminary injunction on the basis that the incarcerated pro se plaintiff had not "alleged that the defendants named in the complaint participated in the alleged deprivations . . . .").

IT IS FURTHER **ORDERED** that Plaintiff's Motion at #179 is **DENIED AS MOOT**. Plaintiff asserts that he was not able to submit a copy of a certain document to the Court because Defendant Derr refused to make such copy. Again, regardless of Plaintiff's *in forma pauperis* status, he is not entitled to unlimited cost-free copies and forms. *See Windsor v. Martindale*, 175 F.R.D. 665, 670-72 (D. Colo. 1997). Furthermore, the Court has no need of copies of any document at this stage in the litigation. No motions (other than those stated herein) are presently pending, and the Scheduling Conference is set for April 17, 2012.

Dated: January 23, 2012