IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

    Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.O., and
CRANK, Trust Manager,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Copy of Response** [Docket No. 231; Filed June 11, 2012]; **Motion to Be Provided File** [Docket No. 232; Filed June 11, 2012]; **Motion to Correct Record** [Docket No. 33; Filed June 11, 2012]; **Motion to Reinstate BOP as Defendant** [Docket No. 234; Filed June 11, 2012] and **Motion to Serve 2 Amended Complaints** [Docket No. 235; Filed June 11, 2012]. The Court addresses each Motion in turn.

    In the Motion for Copy of Response and Motion to Be Provided File, Plaintiff asks for a copy of the docket and all docket entries in this matter. As the Court has informed Plaintiff on more than one occasion, regardless of Plaintiff's *in forma pauperis* status, he is not entitled to unlimited cost-free copies and forms in this litigation. *See Windsor v. Martindale*, 175 F.R.D. 665, 670-72 (D. Colo. 1997). The Court previously instructed the Clerk's Office to mail copies of certain docket entries to Plaintiff, as a one-time courtesy. *See* [#163]. The Court will do the same now, in consideration of Plaintiff's incarcerated and *pro se* status, but will likely decline to do so again. Accordingly,

    IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Copy of Response** [#231] and **Motion to Be Provided File** [#232] are **GRANTED IN PART** and **DENIED IN PART**.

The Clerk's Office is directed to mail to Plaintiff a copy of the docket sheet and a copy of the Amended Complaint [#70], Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [#224], and Defendants' Motion for Summary Judgment [#229]. Plaintiff is reminded that his Responses to the two dispositive motions are due on or before **July 6, 2012**. *See* [#228].

IT IS FURTHER **ORDERED** that the Court will likely decline to grant any further request for complimentary copies of the docket and docket entries by Plaintiff, and future requests may result in the imposition of copying fees to be deducted from Plaintiff's inmate account.

In the Motion to Correct Record, Plaintiff appears to be asking for permission to sue the Director of the Federal Bureau of Prisons ("BOP") and the BOP, but does not state any supportive factual allegations, and does not include a proposed Second Amended Complaint with his Motion. On October 20, 2011, the District Judge dismissed the BOP as "immune from monetary liability." [#65] at 3. Plaintiff presents no authority to the contrary. If Plaintiff seeks permission to add defendants and corresponding factual allegations to his complaint, he must follow the below-described procedure in order to do so. Accordingly,

IT IS FURTHER **ORDERED** that the **Motion to Correct Record** [#233] is **DENIED**.

IT IS FURTHER **ORDERED** that the **Motion to Reinstate BOP as Defendant** [#234] is **DENIED** for the same reason.

Regarding the Motion to Serve 2 Amended Complaints [#235], the Court denies this motion without prejudice for the reason stated in the Minute Order issued November 30, 2011 [#128]. If Plaintiff is seeking leave to file a Second Amended Prisoner Complaint, he must file a motion which complies with the applicable federal and local rules and which includes the proposed Second Amended Prisoner Complaint stating all claims Plaintiff seeks to pursue as a document separate from the motion. The Court will not permit the adjudication of this case in piecemeal fashion. Plaintiff, as a *pro se* litigant, is required to follow the same rules of procedure that govern all litigants in this District. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Any proposed Second Amended Prisoner Complaint which does not comply with this Minute Order will be summarily stricken. Accordingly,

IT IS FURTHER **ORDERED** that the **Motion to Serve 2 Amended Complaints** [#235] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that Plaintiff's failure to timely respond to the two pending dispositive motions **WILL RESULT IN A RECOMMENDATION THAT THIS MATTER BE DISMISSED**.

Dated: June 13, 2012