IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01459-CMA-KLM

LORAL HUFFMAN,

      Plaintiff,

v.

DR. ALLRED,
DR. CARTER,
SANCHEZ, Case Manager,
DERR, Unit Manager,
JOHN DOE, Mailroom Supervisor,
JANE DOE, Food Supervisor,
BUCKNER, Investigator,
LINCOLN, D.H.O., and
CRANK, Trust Manager,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** [Docket No. 224; Filed June 1, 2012] (the "Motion to Dismiss") and Defendants' **Motion for Summary Judgment** [#229; Filed June 5, 2012] (the "Motion for Summary Judgment").  Plaintiff, who is proceeding *pro se*, filed a Response to the Motion to Dismiss [# 272] and a Response to the Motion for Summary Judgment [#274] on July 23, 2012.  On August 7, 2012, Defendants filed a Reply in Support of Motion to Dismiss [#280] and a Reply in Support of Motion for Summary Judgment [#279].  Also before the Court are Plaintiff's **Motion for Emergency Injunction** [#297; Filed October 15,

2012] and Plaintiff's **"Motion for Help Before I Kill Someone Asleep"** [#306; Filed November 29, 2012] (the "Motions for Preliminary Injunction").  Defendants have not filed a response to either Motion for Preliminary Injunction.

Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion to Dismiss, Motion for Summary Judgment and Motions for Preliminary Injunction have been referred to this Court for a recommendation regarding disposition.  [## 225, 230, 298 and 307].  The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the **Motion to Dismiss** [#224] and the **Motions for Preliminary Injunction** [#297, #306] be **DENIED AS MOOT**, that the **Motion   for Summary Judgment** [#229] be **GRANTED**, and that Plaintiff's Amended Complaint [#70] be **DISMISSED without prejudice**.

## I. Summary of the Case

Plaintiff is a *pro se* inmate currently confined at the United States Penitentiary ("USP") - Victorville, in Adelanto, California.  He was previously confined at USP - Florence, Colorado from March 29, 2011 to January 31, 2012, at which time he was transferred to USP - Coleman, Florida.  *Declaration of Clay C. Cook* [#229-1] at 3.  On June 3, 2011, Plaintiff filed a Complaint [#1] in which he alleged five causes of action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff subsequently filed an Amended Complaint [#70] on October 27, 2011, which is the operative complaint in this action.

In the Amended Complaint, Plaintiff alleges nine causes of action against nine

-2-

defendants: 1) denial of adequate mental health treatment for a sleepwalking disorder; 2) denial of medical treatment for a variety of alleged medical conditions; 3) denial of equal protection based on an incorrect custody classification; 4) denial of due process during a disciplinary hearing; 5) denial of equal protection based on an alleged false accusation that Plaintiff received money for legal work; 6) denial of access to the courts by refusing to provide grievance forms; 7) denial of access to the courts by withholding mail and other legal documents; 8) denial of religious meals; and 9) denial of medical equipment and legal supplies "at cost." *See* [#70] at 6-14. Plaintiff seeks monetary damages, declaratory relief and injunctive relief. *Id.* at 16.

In the Motion to Dismiss, Defendants argue that Plaintiff's claims for declaratory and injunctive relief should be dismissed as moot because Plaintiff is no longer incarcerated in Colorado where the alleged violations occurred. [#224] at 6-8. They contend that because Plaintiff is no longer under the custody of the named Defendants, any prospective relief ordered against them would not benefit Plaintiff, thus rendering moot the claims for declaratory and injunctive relief. *Id.*

In the Motions for Preliminary Injunction, Plaintiff requests that he be assigned to a single cell. [#297, #306]. He contends that his sleepwalking disorder makes him a danger to others in his cell. *Id.*

In the Motion for Summary Judgment, Defendants argue that Plaintiff has failed to exhaust the Bureau of Prison's ("BOP") administrative remedies for the claims raised in his Amended Complaint. [#229] at 11-13. They contend that he failed to submit administrative grievances pertaining the matters alleged in his Amended Complaint, thus failing to comply with the BOP's administrative grievance procedures. *Id.*

Plaintiff argues in his Response to the Motion for Summary Judgment that grievance forms were not readily available because the facility was "locked-down" much of the time, and that when he requested multiple grievance forms to address multiple issues, the request was denied because he was allowed to submit only one grievance at a time. [#274] at 4.

Defendants argue in their Reply that Plaintiff has not shown that he was barred from pursuing grievances while at USP-Florence, nor has he shown that he diligently attempted to exhaust his claims. [#279] at 2.  They argue that Plaintiff does not contend that forms were unavailable or that he was otherwise unable to submit grievances when the facility was not under lock-down.

## II.  Summary Judgment Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(c), summary judgment should enter if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  A defendant who moves for summary judgment on an affirmative

-4-

defense "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.'" *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)).  Once the defendant makes this showing, "'the plaintiff must then demonstrate with specificity the existence of a disputed material fact.'" *Id.*  If the plaintiff cannot so demonstrate, the affirmative defense bars the plaintiff's claims and the defendant is entitled to summary judgment.  *Id.*  In deciding whether summary judgment is appropriate, the court views the evidence in the light most favorable to the non-moving party.  *Duvall v. Georgia-Pacific Consumer Products, L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010).

Additonally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.  Summary Judgment Analysis

### A.  Exhaustion of Administrative Remedies - Legal Standards

As indicated above, Defendants contend that they are entitled to summary judgment because the undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies before filing this action as required by the Prison Litigation Reform Act ("PLRA"). [#229] at 11-13.  The administrative exhaustion provision of the PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner plaintiff is not required to specifically plead that he has exhausted his available administrative remedies or to attach to his complaint exhibits proving exhaustion. *Jones*, 549 U.S. at 216.  Rather, like other affirmative defenses, the burden is on the defendants to assert and prove that the plaintiff did not utilize administrative remedies.  *Id.* at 212.  If the evidence produced by the parties shows that there are no genuine factual issues preventing a finding that the plaintiff did not properly exhaust his available administrative remedies, the court does not award defendants summary judgment but instead dismisses plaintiff's claims without prejudice.  *Dawson v. Werholtz*, No. 07-3165,

2008 WL 1773866, at *1 n.1 (D. Kan. Apr. 16, 2008) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Prison facilities are tasked with the responsibility of establishing administrative review procedures for addressing prisoner grievances. *Jones*, 549 U.S. at 218. To satisfy the PLRA exhaustion requirement, a prisoner plaintiff "must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* (quoting *Woodford*, 548 U.S. at 88). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

Moreover, untimely or otherwise procedurally defective administrative grievances are insufficient to satisfy the exhaustion requirement. *Woodford,* 548 U.S. at 83-84. "[P]roper exhaustion of administrative remedies is necessary." *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

### B.    Application

Grievance procedures for federal prison inmates are set forth in the BOP Administrative Remedy Program (the "Program"). [#229-1]. The procedures are described in the declaration of BOP Senior Attorney Advisor Clay C. Cook, attached to the Motion for Summary Judgment. [#229-1]. The Program provides a four-step administrative procedure

for inmate grievances.  [#229-1] at 4.  First, the inmate must attempt informal resolution with prison staff by completing an informal resolution form.  *Id.*  Second, if the inmate is not satisfied with the response he receives from the prison staff, the inmate must submit a formal request for administrative remedy to the warden of the institution where he is being held.  *Id.*  Third, if the inmate is not satisfied with the response he receives from the warden, he must appeal the warden's decision to the BOP Regional Director.  *Id.*  Fourth, if the inmate is dissatisfied with the Regional Director's response, he must appeal to the BOP General Counsel's Office in Washington, D.C.  *Id.*  An inmate has not exhausted his administrative remedies until he has properly completed all four steps.  *Id.*

Relying on Mr. Cook's declaration, Defendants assert that between March 2011, which is when the alleged constitutional violations first occurred according to the Amended Complaint [#70], and January 31, 2012, which is when Plaintiff was transferred out of USP-Florence, Plaintiff submitted 52 administrative remedy requests, or appeals thereof.  [#229-1] at 7 (citing SENTRY Administrative Record Report [#229-4]).  Defendants explain that of the 52 requests, 43 were rejected for failing to comply with the filing requirements of the Program.  *Id.*  They assert that of the remaining nine that were accepted for filing, six involve matters that predate the claims alleged in the Amended Complaint and the remaining three do not pertain to the claims alleged in the Amended Complaint.  [#229-1] at 7.[1]

Again relying on Mr. Cook's declaration, Defendants identify each of the six

---

[1] The nine administrative requests accepted for filing are divided among six administrative case numbers because within certain case numbers, multiple requests were accepted.  *See* [#229-4].

administrative case numbers that contained the administrative remedy requests accepted for filing.  The first administrative matter ("Remedy No. 603845") relates to alleged staff misconduct and adverse action taken against Plaintiff while he was incarcerated at USP - Terre Haute and USP - McCreary. [#229-1] at 7-8.  Thus, the first administrative matter is unrelated to the claims in his Amended Complaint, all of which pertain to Plaintiff's incarceration at USP - Florence.

The second administrative matter ("Remedy No. 629806") relates to the handling of Plaintiff's mail while he was incarcerated at USP - Terre Haute. [#229-1] at 8-9.  Thus, like the first, the second administrative matter does not pertain to any of the claims alleged in the Amended Complaint.

The third administrative matter ("Remedy No. 62191") involves complaints by Plaintiff about inadequate medical care for his sleepwalking disorder prior to his transfer to USP - Florence.  [#229-1] at 10.  Although Plaintiff raises allegations in the Amended Complaint about inadequate medical care for his sleepwalking disorder (claims one and two), those allegations are against Drs. Carter and Allred, who treated him after he was transferred to USP - Florence.  *See* [#70] at 2-7.  Because the third administrative matter relates to issues that predate Plaintiff's time at USP - Florence, it does not pertain to any of the claims alleged in the Amended Complaint.

The fourth administrative matter ("Remedy No. 620892") involves complaints by Plaintiff that he was not receiving copies of administrative remedy materials while he was being held at USP - Terre Haute.  [#229-1] at 10-11.  Thus, because it addresses issues that predate Plaintiff's time at USP - Florence, the fourth administrative matter does not pertain to any of the claims alleged in the Amended Complaint.

In the fifth administrative matter ("Remedy No. 670012"), Plaintiff requested that his name be removed from the inmate locator on the BOP's public website. [#229-1] at 11. Plaintiff presents no allegations in the Amended Complaint related to this issue. Moreover, Plaintiff submitted his administrative remedy request on this issue after he filed the Amended Complaint. [#229-1] at 11.

Lastly, in the sixth administrative matter ("Remedy No. 656639"), Plaintiff submitted an administrative remedy request because prison staff would not provide him with the fourteen grievance forms he requested. [#229-9]. Plaintiff therefore sought modification of a BOP policy that limited the grievances he could submit to no more than one at a time. [#229-9]. Defendants assert that Plaintiff raises no claims in his Amended Complaint addressing this issue. [#229] at 10. In claim six of the Amended Complaint, however, Plaintiff alleges a denial of access to the courts based on the unit manager's refusal to provide him with fourteen grievance forms so he could file fourteen separate grievances. [#70] at 11. Thus, the Court disagrees with Defendants' assertion that none of the allegations in Plaintiff's Amended Complaint relate to this administrative remedy request.

Regardless, Mr. Cook's declaration also states that from the time Plaintiff was transferred to USP - Florence in March 2011 to the date he filed his Amended Complaint on October 27, 2011, he failed to properly appeal any of his administrative remedy requests to the Regional or Central Office, thus failing to complete steps three and four of the Program's administrative procedure. [#229-1] at 12. So although Plaintiff may have properly initiated an administrative remedy request related to claim six in his Amended Complaint, he failed to complete the process. *See Woodford*, 548 U.S. at 93 (holding that the PLRA requires "proper exhaustion" which means compliance with the agency's

procedural rules).

Based on the above information, the Court finds that Defendants have met their initial burden of making a prima facie showing that Plaintiff failed to properly exhaust his administrative remedies with the BOP.  Defendants have shown that of the administrative remedy requests Plaintiff submitted during the time he was incarcerated at USP - Florence, only one addressed a claim alleged in the Amended Complaint.  Plaintiff, however, failed to complete all four steps as to that request.  Consequently, the Court finds that Defendants' evidence shows that Plaintiff failed to exhaust his administrative remedies for the nine claims alleged in the Amended Complaint.

The burden therefore shifts to Plaintiff to show the existence of a genuine factual dispute about whether he properly exhausted.  To carry this burden, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial." *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988).

In his Response, Plaintiff does not argue that he exhausted the administrative remedies for any of the nine claims alleged in his Amended Complaint.  Rather, Plaintiff appears to be arguing that administrative remedies were not "available" because his facility was locked down much of the time and he could not obtain the number of grievance forms he wanted. [#274] at 4-5.

The PLRA exhaustion statute "requires that prisoners exhaust only *available* remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (emphasis in original). "[A]n administrative remedy is not 'available' under the PLRA if 'prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy.'" *Id.* (quoting *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)).  District courts must

-11-

therefore "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252 (quoting *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

The Court finds that Plaintiff's vague contentions regarding his alleged inability to exhaust the administrative remedies are insufficient to show that such remedies were not "available" to him.  As noted above, he merely claims that during the first six months at USP - Florence, he was often locked down and grievance forms were not readily available. [#274] at 4.  He also claims that the staff member who had the grievance forms had them locked in his office.  *Id.*  Moreover, he claims that on more than one occasion when he asked for fourteen grievance forms so he could address fourteen separate issues, he was told that BOP policy only allows the submission of one form at a time.  *Id.* at 4-5.  None of these contentions, however, show that Plaintiff was prevented, thwarted or hindered from filing grievances.  Even if he could not submit grievances while under lock-down, he was free to submit grievances at all other times.  His vague assertions regarding the time he was on lock-down are insufficient to show he was effectively prevented from filing grievances.  Additionally, the BOP policy Plaintiff refers to did not prevent Plaintiff from submitting grievances, it merely controlled how many he could submit at once.

Plaintiff having failed to show that the administrative remedies were not available, the Court finds that he has not carried his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies with respect to the claims alleged in his Amended Complaint.  Plaintiff has failed to present evidence to refute Defendants' summary judgment evidence establishing that Plaintiff failed to exhaust his administrative remedies.  The Court therefore finds that Defendants are entitled to

summary judgment on their affirmative defense.

### IV.  Motions for Preliminary Injunction

Both of Plaintiff's Motions for Preliminary Injunction relate to his request to be housed in a single cell based on his fear that as a result of his sleepwalking disorder, he may harm his cell-mate in his sleep.  *See* [#297, #306].  As noted above, however, Plaintiff is currently confined at the United States Penitentiary ("USP") - Victorville, in Adelanto, California.  His Motions for Preliminary Injunction pertain to his conditions of confinement at that facility.  Plaintiff's claims in this action, however, all relate to his confinement at USP - Florence from March 29, 2011 to January 31, 2011.

Injunctive relief is intended to preserve the status quo until a final determination of the parties' rights can be reached.  *See Otero Savings & Loan Ass'n v. Fed. Res. Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).  Because the purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm pending resolution of the lawsuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (10th Cir. 1994) (citing *Penn*, 528 F.2d at 1185) (affirming district court's denial of plaintiff's motion for preliminary injunction where motion sought injunction related to alleged retaliatory actions and underlying case brought only Eighth Amendment claim for inadequate medical treatment).

Here, Plaintiff's Motions for Preliminary Injunction have nothing to do with preserving the status quo of the instant action in that they seek injunctive relief from prison officials at a different facility, none of whom are named as defendants in the instant action.  Moreover, in light of the Court's recommendation to grant the Motion for Summary Judgment, the

Court also recommends that the Motions for Preliminary Injunction be denied as moot.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion for Summary Judgment [#229] be **GRANTED**.

The Court FURTHER **RECOMMENDS** that this case be **DISMISSED without prejudice**. *See Fields*, 511 F.3d at 1113 (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

The Court FURTHER **RECOMMENDS** that in light of the Court's recommendation on the Motion for Summary Judgment, the Motion to Dismiss [#224] and the Motions for Preliminary Injunction [#297, #306] be **DENIED AS MOOT**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated: January 10, 2013

Kristen L. Mix
United States Magistrate Judge